IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 OCT 22 PH 1:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 23 1998

DEAD AHEAD MARINE PRODUCTS,       )
INC., formerly known as DEAD      )
AHEAD POWER PRODUCTS, INC.,       )
                                  )
                Plaintiff,        )   CIVIL ACTION NO. 97-G-1133-S
                                  )
     v.                           )
                                  )
RAY INDUSTRIES, INC., a Delaware  )
corporation; and SEA RAY BOATS,   )
INC.,                             )
                                  )
                Defendants.       )

MEMORANDUM OPINION

The complaint before the court contains four counts, the first two of which deal with the formation and breach of a contract supposedly entered into between the plaintiff and defendants in November 1996.[1] In the third count plaintiff alleges that the defendants fraudulently induced it to purchase additional boats from them by promising to extend the August 1996 sales and service agreement past its initial term. In count four the plaintiff alleges that the defendants offered by letter of

---

[1] Plaintiff alleges that defendants entered into a contract allowing plaintiff to sell the defendants' complete line of Sea Ray boats, parts, and accessories.

24

February 19, 1997, to extend the sales and service agreement signed in July 1996, and that it accepted the offer.

In support of its claims plaintiff has entered into evidence sales and service contracts between the parties **prior to** 1996. These contracts have no bearing on the issues before the court. On the other hand plaintiff has not entered into evidence any November 1996 agreement entered into between the parties. Absent that agreement there is nothing to substantiate plaintiff's claims set forth in the first two counts.

Not only is there nothing to substantiate the claim that an agreement was entered into, defendants' exhibit 10 of its brief in support of the motion is a January 21, 1997, letter written to Mr. Conrad West of Sea Ray Boats, Inc.[2] from Roger Read of DeadAhead Marine Products, Inc. [hereinafter DeadAhead] on DeadAhead stationery belies the argument that defendants entered an agreement allowing plaintiff to sell its complete line of boats, parts, and accessories. A portion of the letter follows:

> I would like to thank you for your valuable time last week. I feel like we are very close to purchasing

---

[2] For purposes of this opinion defendants are interchangeably and collectively referred to as Sea Ray--a practice followed by defendants.

2

> Sports Boats directly from Sea Ray Boats, Inc. This agreement has been in the air for over a year. I finally feel that I have contacted the right person to solve this problem. As we all agreed in the meeting in your office that the "carrot" had been held in front of us for long enough. The time has come for a decision to be made.

No evidence is before the court indicating that a decision was ever made to grant plaintiff rights to sell additional product lines. A follow-up letter, the basis for count four,[3] to the above-quoted letter, set forth in part below, clearly establishes no agreement was reached:

> This letter is a response to your previous letter dated January 21, 1997, and subsequent telephone conversations. Your dealership was originally signed as a non-exclusive dealer for purposes of selling Sea Rayder boats and not for any additional category of Sea Ray product. It is still the position of Sea Rayder boats that your dealership may continue to sell Sea Rayders. However, Sea Rayder cannot agree to an extension of the product line into other categories for your dealership.

An "agreement" that has "been in the air for over a year" has not been finalized. If there is no contract there can be no breach. Consequently, the court holds that defendants are due summary judgment on the first two counts of the complaint.

---

[3] Plaintiff erroneously contends that this letter was an offer of an extension of the August 1996, sales and service contract. Placement of orders was an "acceptance" of the "offer."

Counts three and four are intertwined, centering around the August 1996 sales and service agreement and communications between the parties. Count three of the complaint alleges that plaintiff was fraudulently induced to purchase Sea Rayders under the impression that by selling more it would be given favorable consideration on a dealership for sport boats in return. There is nothing specific in the record to show a promise of favorable consideration. The alleged discussions took place a month before the August 22, sales and service contract was entered into and were specifically not made a part of that contract which is precisely limited to Sea Rayders.

Paragraph 1 of the agreement, initialed by plaintiff and Sea Ray appoints plaintiff as "its nonexclusive dealer for the retail sale, display, and servicing" of Sea Rayders, parts and accessories, nothing more.

Paragraph 20 recites that the agreement entered into is the entire agreement: "This Agreement contains the entire agreement between the parties and may not be amended or modified except by written instrument signed by Sea Rayder and Dealer that expressly states that the writing constitutes a rider or modification to this Agreement." Plaintiff relies on the February 19, 1997, letter, previously set forth, for the position

4

that the letter was a modification of the existing written agreement. By placing additional orders it "accepted" the "offer.". As misplaced authority[4] for the position plaintiff relies on *Commercial Contractors, Inc. v. U.S. Fidelity & Guaranty Co.*, 524 F.2d 944 (5th Cir. 1975) and *Duncan v. Rossuck*, 621 So. 2d 1313 (Ala. 1993) (Written agreement may be modified by subsequent oral agreement, unless statute provides otherwise, even though contract contains requirement that all modifications be in writing.). Plaintiff has misconstrued the letter. It does not modify the written agreement. It merely states the position of Sea Ray that plaintiff will not be granted permission to extend itself into other Sea Ray lines, but will be allowed to continue selling Sea Rayders, as per agreement. In no way can this language be interpreted as an offer extending the August 1996 contract.

Defendants' letter of April 7, 1997, pursuant to the terms of the sales and service agreement, informed DeadAhead that

---

[4] The cases cited are Alabama law. Paragraph 17 of the sales and service agreement provides that the agreement "shall be construed according to the laws of the State of Tennessee, U.S.A." Choice of law, however, is not material. No offer was extended modifying the contract.

the sales and service agreement would be terminated as of July 31, 1997:[5]

> Please accept this letter of the decision of Ray Industries, Inc. and its Sea Ray Boats subsidiaries (hereinafter collectively referred to as "Sea Ray") not to renew your Sea Ray sales and Service Agreement for the 1998 model year, pursuant to paragraph 16B. of the Agreement. The effective date of the termination is July 31, 1997.

There being no extension of the August 22, 1996, sales and service agreement, defendants' April 7, 1997, notice of intention not to renew is well within the stipulated time period (at least 60 days prior to expiration).

The court holds that defendants are due summary judgment as a matter of law on counts three and four.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 21st day of October 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[5] This is the termination date of the contract (paragraph 16 B. of the agreement). Sea Ray was to give at least 60 days notice prior to the expiration of the agreement if it did not intend to renew.

6