IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

98 NOV -6 AM 11:34

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEAD AHEAD MARINE PRODUCTS,       )
INC., formerly known as DEAD      )
AHEAD POWER PRODUCTS, INC.,       )
                                  )
                Plaintiff,        )   CIVIL ACTION NO. 97-G-1133-S
                                  )
      v.                          )
                                  )
RAY INDUSTRIES, INC., a Delaware  )
corporation; and SEA RAY BOATS,   )
INC.,                             )
                                  )
                Defendants.       )

ENTERED

NOV - 6 1998

MEMORANDUM OPINION

Plaintiff has filed a motion to reconsider and vacate
the final order entered in the above-styled case, outlining
specific reasons set forth in three parts.  Part I covers seven
paragraphs setting forth a recourse the court should follow in
dealing with affidavit testimony. In the first two paragraphs
plaintiff objects to the entry of the order because defendants
supported their motion with excerpts from the sworn statement of
Doug Bolton who was not qualified by **either** party."

The objection set forth in paragraph three is that the
affidavit of Roger Read (Plaintiff's Exhibit 17) refers to a



representative of Sea Ray named Doug Mohney and that the sworn statement is defective and improper in form and substance leaving plaintiff to guess whether Doug Bolton is the same as Doug Mohney or exactly who he is.

Paragraphs four and five are a recitation of requirements of affidavits for the erudition of the judge who "overruled Plaintiff's objection to this evidence ostensibly on the basis that the motion was not directed to specific questions and answers."

Paragraph six is an objection to the court's not striking defendants' exhibit four (Bolton affidavit) *in toto* when "Plaintiff clearly and succinctly stated the basis of the objections to Defendants' Exhibit Four."

Paragraph seven is a further attempt to instruct the court that an affidavit that does not comport with Rule 56(e) should be stricken.

Part II containing paragraphs eight through sixteen deals with the substance of the opinion, plaintiff again relying on unsubstantiated "evidence" and incidents which took place prior to the time the agreement between the parties was reduced to writing. A careful reading of the memorandum opinion accompanying the final order shows that the court did not rely on

2

information in the affidavits of Roger Read (Plaintiff's Exhibit
17) or Doug Bolton (Defendants' Exhibit 4)in reaching its
decision, nor of an individual named Doug Mohney.  The court **did
rely** on the following evidence in reaching its decision:

1)   A January 21, 1997, letter written from Mr. Conrad
     West of Sea Ray Boats, Inc. to Roger Read of
     DeadAhead Marine Products, Inc. [hereinafter
     DeadAhead] on DeadAhead stationery to the effect
     that an agreement had "been in the air for over a
     year" and it was time for "a decision to be made;"

2)   February 19, 1997, response from defendants to the
     January 21, 1997, letter from DeadAhead to the
     effect that "Sea Rayder cannot agree to an
     extension of the product line into other
     categories for your dealership;"

3)   The August 22, 1996, agreement entered into by the
     parties granting a "nonexclusive" dealership to
     DeadAhead for "retail sale, display, and
     servicing" of Sea Rayders--nothing more; and

4)   Defendants' April 7, 1997, letter informing
     plaintiff that the sales and service agreement
     would be terminated as of July 31, 1997.

     The court appreciates learned counsel's efforts to
educate it on the rules of procedure, but it was unnecessary to
use the affidavits in deciding the motion granting summary
judgment and the court did not do so.  The decision was based on
the best evidence--the writings themselves: an unambiguous
contract and letters between the parties showing their intent and

3

the parties' own mutual interpretation of the contract.  Since a
new sales and service contract was entered into annually, service
contracts entered into prior to 1996 have no bearing on the
motion.  No November 1996 contract was entered into evidence.

        In part three plaintiff contends that the entry of
summary judgment was premature because discovery was not compete.
No amount of discovery, however, would have changed the written
contract entered into between the parties.  No amount of
discovery would create a written November 1996 contract upon
which plaintiff allegedly relied.  Had plaintiff had such a
document it would have been entered into evidence.  It is
incumbent upon the court that attorneys not be allowed to run
costs of litigation up, particularly in pursuit of a frivolous
lawsuit.  Further discovery would only be unnecessary expense for
all parties.

        In conclusion the court denies the motion of plaintiff
to vacate its earlier order for the reasons set forth above:
1) the affidavits were not used in deciding the case;  2)  the
decision was based on written evidence before the court; and
3) further discovery would not have produced contradictory
written evidence and would only have been in furtherance of a
pointless, frivolous lawsuit at great unnecessary cost.

                              4

An order consistent with this opinion is being entered
contemporaneously herewith.

DONE and ORDERED this _____ day of November 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

5